UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marat Latypov, individually and on behalf of all others similarly situated;<br><br>                              Plaintiff,<br><br><br><br><br>     -v.-<br>Viking Client Services, LLC,<br>and LVNV Funding LLC.<br><br>                       Defendant. | Civil Action No: 1:20-cv-3691<br>_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Marat Latypov (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through her attorneys, Horowitz Law, PLLC, against Defendant Viking Client Services, LLC ("Defendant Viking") and Defendant LVNV Funding LLC ("Defendant LVNV"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the

effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Kings.

8.      Defendant Viking. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served with process upon C T Corporation

System, its registerd agent for service of process, at 28 Liberty Street, New York, New York 10005.

9.     Upon information and belief, Defendant Viking is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.     Defendant LVNV Funding LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and may be served with process upon the Corporation Service Company, its registered agent for service of process, at 80 State Street, Albany, New York 12207.

11.     Upon information and belief, Defendant LVNV Funding LLC is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.     Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

    a.  all individuals with addresses in the State of New York;

    b.  to whom Defendants sent a collection letter attempting to collect a consumer debt;

    c.  that contained contradictory information as to what is the correct balance owed;

    d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

17.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and 1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to November 1, 2019, an obligation was allegedly incurred to Citibank, N.A. by Plaintiff.

23.     The Citibank, N.A. obligation arose out of a transactions in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

24.     The alleged Citibank, N.A. obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25.     Citibank, N.A. is a "creditor" as defined by 15 U.S.C. §1692a(4).

26.     Defendant Viking, a debt collector, was contracted by Defendant LVNV, the current owner of the debt and also a debt collector, to collect the alleged debt.

27.     On information and belief Defendant LVNV provided the information contained in Exhibit A to Defendnat Viking.

28.    Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – November 1, 2019 Collection Letter*

29.    On or about November 1, 2019, Defendant Viking sent Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to Defendant LVNV. **See Exhibit A**.

30.    When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice,

disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

31.     The required disclosures set forth in 15 U.S.C. §1692g(a) are more commonly known as the "G-Notice".

32.     Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell v. EQUIFAX A.R.S., 74 F.3d 30, 35 (2d Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act." Russell, 74 F.3d at 34.

33.     The top of the letter states a Current Amount Due of $3251.96.

34.     Further down, the letter provides an account summary with the following information:

| | |
|---|---|
| Original Creditor: | CITIBANK, N.A. |
| Charge-off Balance: | $3294.83 |
| Interest accrued since Charge-off: | $0.00 |
| Non-interest charges or fees since charge-off: | $0.00 |
| Total payments Since Charge-off: | $0.00 |

35.     The Current Amount Due listed does not match the accounting of the "Charge-off Balance".

36.     There is no information explaining this discrepancy in these two amounts.

37.     Furthermore, the Letter clearly states no payments were made since charge-off, yet the balance amount decreased with no reason and no explanation.

38.    A collection letter must clearly display the balance owed and with the contradictory balances listed on this letter, it makes it impossible for a consumer to know how much is owed and if the debt will be considered paid if the lower payment amount is made.

39.    Stating confusing balance amounts is materially misleading to Plaintif since it is a knowingly false statement.

40.    Defendats' false statement overshadowed the Plaintiff's §1692g right to have the proper balance currently owed stated in a non-confusing or contradictory manner.

41.    As a result of Defendnats' deceptive, misleading and unfair debt collections practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

42.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

44.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45.    Defendants violated §1692e:

a.    As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

b.    By making a false and misleading representation in violation of §1692e(10).

46.     By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

<u>**COUNT II**</u>
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g**
*et seq.*

47.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692g.

49.     Pursuant to 15 U.S.C. §1692g, a debt collector:

Within  five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial commuincaition or the consumer has paid the debt, send the consumer a written notice containing:

1.     The amount of the debt;

2.     The name of the creditor to whom the debt is owed;

3.     A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.     A statement that the consumer notifies the debt collector in wirting within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against

the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.      A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

50.      The Defendant violated §1692g by confusingly stating two different balances, which overshadows the "g-notice" language and explicitly fail to provide the consumer with the correct and clear balance owed.

51.      By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated §1692g et. seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

52.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marat Latypov, individually and on behalf of all others similarly situated, demands judgment from Defendant Viking and Defendant LVNV as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: Flushing, New York
        August 13, 2020


                                        */s/ Uri Horowitz*
                                        By:  Uri Horowitz, Esq.
                                        **Horowitz Law, PLLC**
                                        14441 70th Road
                                        Flushing, NY 11367
                                        Phone: (718) 705-8706
                                        Fax: (718) 705-8705
                                        *Attorneys For Plaintiff*